COWAN ET AL., EXECUTORS, *v.* HENIKA.

[No. 2,327.   Filed December 14, 1897.]

LANDLORD AND TENANT.—*Rents.*—*Tenancy from Year to Year.*— Under a tenancy from year to year the rent of the property so held becomes due at the end of each year.  *p. 41.*

SAME.—*Rents.*—*Limitation of Actions.*—The statute of limitations begins to run against each year's rent, under a tenancy from year to year, from the time it becomes due.  *p. 41.*

TRUSTS.—*May be Created by Parol.*—A trust as to personal property may be created by parol.  *p. 42.*

SAME.—*Limitation of Actions.*—The statute of limitations does not begin to run against funds held by a trustee until such trust is openly disavowed by the trustee by his insisting upon an adverse right and interest therein which he fully makes known to the *cestui que trust.*  *pp. 42-44.*

From the Rush Circuit Court.   *Affirmed.*

*Ben L. Smith, D. L. Smith, Claude Cambern, J. M. Stevens* and *J. A. Titsworth,* for appellants.

*Douglas Morris* and *Wallace G. Morgan,* for appellee.

ROBINSON, C. J.—On November 12, 1895, appellee filed a claim against the estate of appellant's decedent

for rent had and received by decedent for a house and lot in Greensburg, Ind., from February 3, 1882, to March 15, 1884, at $10.00 per month; and for rent for house, stable and garden in Richland, Ind., from March 17, 1886, to August 14, 1894, at $8.00 per month, making in all about $1,200.00. On January 30, 1896, appellee filed a second claim as follows: "January 8, 1869. To $128.00 paid said decedent by William Henika, in trust for said claimant and her sister Dora Henika, since deceased, who left claimant as her sole heir, $128.00; to interest on same for twenty-seven years, $207.36. To $342.80 paid to said decedent by William Henika in trust for claimant and her sister Dora Henika, since deceased, who left claimant as her sole heir, $342.80; to interest on same twenty-six years, two months and twenty-four days, $539.36; total, $1,217.52."

A trial by the court resulted in a finding and judgment for appellee for $1,120.90.

The only error assigned is overruling appellant's motion for a new trial, which was asked because the finding is contrary to the law and the evidence, and that it is for too large an amount.

The rent received by decedent for the Greensburg property is barred by the statute of limitations. The tenancy of the Richland property, under the evidence, was a tenancy from year to year and the rent became due at the end of the year. *Indianapolis, etc., R. W. Co.* v. *First National Bank*, 134 Ind. 127. The first rent that could be collected is for the year ending in March, 1889. Section 293, Burns' R. S. 1894.

There was some evidence to show that the money sought to be recovered in the second claim was sent to decedent in 1869 by a Mr. Waite, of Michigan, who was decedent's brother-in-law, and was money of the father of the children, William Henika, who directed

that it be sent. Mr. Waite testified that "It was sent to William Anderson (decedent) for him to keep for the use and benefit of these children." Afterwards in 1882, after appellee had reached her majority, a witness, William H. Waite, had a conversation with decedent about the money. This witness says that in that conversation, "I said to him, 'what about the money you had of Maria's father, Mr. Henika, to take care of for the girls, Maria and Dora?' He says, 'Dear Dora was taken away from me, but I have a dear one left, Maria, and I intend to pay her that money all back, and more, for I intend to give her the most of my property when I am done with it, that is a sure thing.'" It further appears that decedent had between six and seven thousand dollars worth of property, that about two years after the above conversation he wrote a will intending to give appellee one-half or one-fourth of his estate, that about 1890 or 1891 he had written two other wills, in one of which he gave appellee $1,000.00, and in the other $1,200.00. These wills were all destroyed, and by his last will he gave appellee $400.00 for services rendered for his comfort and happiness.

It is well settled that a trust in personal property may be created by parol. *Thornburg* v. *Buck*, 13 Ind. App. 446; *Talbot* v. *Barber*, 11 Ind. App. 1; *Mohn* v. *Mohn*, 112 Ind. 285; *Parks* v. *Satterthwaite*, 132 Ind. 411.

One of the most important of the duties of a trustee is to invest the trust fund in such manner that it shall be safe and yield a reasonable rate of income to the *cestui que trust*, and if the trust estate is money the trustee is chargeable with interest. *Stumph* v. *Pfeiffer*, 58 Ind. 472; *State, ex rel.*, v. *Sanders*, 62 Ind. 562; 1 Perry on Trusts (4th ed.), section 452.

There is undisputed evidence in the record which

we think fairly shows that the decedent received the money in trust for appellee and that the trust was a continuing one.   There was no disavowal by the trustee, but on the other hand it is not disputed that after the *cestui que trust* became *sui juris* the trustee acknowledged his obligation and declared his intention to perform it.   Until such a trust is openly disavowed by the trustee by his insisting upon an adverse right and interest which he fully makes known to the *cestui que trust* the statute of limitation does not begin to run.   *Thomas* v. *Merry*, 113 Ind. 83; see *Langsdale* v. *Woollen*, 99 Ind. 575; *Albert* v. *State, ex rel.*, 65 Ind. 413; *Cunningham* v. *McKindley*, 22 Ind. 149; *Oliver* v. *Piatt*, 3 How. 333; *Hileman* v. *Hileman*, 85 Ind. 1.

Counsel for appellant cite the case of *Parks* v. *Satterthwaite, supra,* in support of their view that the case at bar is not a continuing trust and that the statute of limitation is a bar.   In that case a son, under age, had enlisted in the military service and after his enlistment his father, without the son's knowledge, collected a bounty that had been offered by the county to each person who would enlist.   Suit was not brought until more than fifteen years after the receipt of the money by the father and was not brought until after the father's death.   There was a special finding of the facts in which there was a statement that the father had declared to third persons that he was keeping the money for his son, but there was no finding that the father had agreed to keep the money for his son, and in considering the case this statement of evidence was eliminated from the facts stated by the court. The opinion says:   "The difficult question in the case is as to whether the facts stated, excluding mere evidence, show that the deceased agreed with his son to keep the money for him.   If he did so agree, then we think it quite clear that it must be adjudged that the

right of action is not shown to be barred.   When one receives the money of another to keep for him— takes it, in other words, as a continuing trust—the statute does not run until there is a disavowal of the trust or a refusal to perform upon proper demand."

In the absence of any showing to the contrary the presumption is that one-half of the money sent was intended for each of the sisters.   The sister Dora died about 1878, leaving as her only heirs her father and appellee.   Under the evidence appellee cannot recover the portion she inherited from her sister.

It is argued that the amount of the recovery is too large, but after a careful consideration of all the evidence we can only conclude that the amount of the judgment is fully sustained by the evidence.   Judgment affirmed.

Henley, J., took no part in this decision.