## ESTATE OF STANLEY *v.* PENCE.

[No. 19,845.    Filed January 27, 1903.    Rehearing denied May 22, 1903.]

PLEADING.—*Complaint.*—*Proof.*—*Variance.*—*Claim Against Decedent's Estate.*—The rule that a plaintiff must recover upon the theory outlined by the facts alleged in his complaint does not apply to nor control in the prosecution of a claim against a decedent's estate; since the statute does not require a formal complaint, but a mere statement of the claim. *p. 461.*

SAME.—*Complaint*—*Proof.*—*Variance.*—A recovery may be had, where there is evidence sufficient to establish substantially the issuable

facts constituting the cause of action set out in the complaint, although all allegations of the complaint may not be proved. *p. 641.*

TRUSTS.—*Parol.*—A trust in personal property or money may be created by parol. *p. 642.*

SAME.—*Continuing Trust.*—*Limitation of Action.*—Where a husband receives money from his wife with the understanding that the same is to be paid to the children at the time of his death, or sooner if he chooses to do so, a continuing trust is created, against which the statute of limitations does not run. *pp. 642-644.*

SAME.—*Liability of Trustee for Interest on Trust Funds.*—Where a husband received money from his wife with the understanding that the same was to be held in trust for her children, and the husband used the money as his own, the children could, at his death, recover from his estate the money with interest at the rate of six per cent. per annum. *p. 644.*

TRIAL.—*Instructions.*—*Burden of Proof.*—In an action to enforce a claim against a decedent's estate, it is not reversible error to instruct the jury that the plaintiff is entitled to recover if the material allegations of the complaint are proved by a fair preponderance of the evidence unless the jury were satisfied from the evidence that the defendant had established one or the other of the special answers pleaded, where, by other instructions, the court informed the jury that the burden was upon the plaintiff to prove all material allegations of the complaint. *pp. 645, 646.*

From Madison Circuit Court; *J. F. McClure,* Judge.

Claim by Lutesia Pence against the estate of John H. Stanley, deceased. From a judgment for claimant, estate appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*J. W. Lovett, C. G. Browne, D. W. Wood, W. S. Ellis* and *Alfred Ellison,* for appellant.

*E. B. Goodykoonts, G. M. Ballard, B. H. Campbell, W. A. Kittinger* and *W. S. Diven,* for appellee.

JORDAN, J.—On March 14, 1900, appellee filed in the lower court her formal complaint setting up a claim against the estate of John H. Stanley, deceased. On the issues joined a trial was had by jury, and a verdict was returned in favor of appellee for $841.93, and over appellant's motion for a new trial judgment was rendered for that amount.

The errors assigned are: (1) Overruling the demurrer to the complaint; (2) denying the motion for a new trial.

The first contention of appellee is that the complaint upon its face discloses that the claim or demand therein sought to be enforced is barred by the limitation statute of six years. The complaint charges that the estate of John H. Stanley is indebted to the plaintiff in the sum of $1,532 for money received by him from the mother of plaintiff at the times as therein stated. When the money in question was received or obtained by said Stanley from the plaintiff's mother, the latter and he were husband and wife, and the money so received was the wife's own separate property, which she had received from the estate of her father and mother. It appears that $600 thereof was received by said Stanley from his said wife in the year 1863, and $300 in the year 1882. It is disclosed that at the time or times Stanley received the money from his wife, he, in order to obtain it from her, agreed with and promised her that if she would let him have the money, the amount so received by him, with interest thereon, should be paid to the plaintiff at the death of ·said Stanley, and that it should stand and be a claim against his estate, but that he should have the privilege at his option of paying the amount to the plaintiff—appellee herein—in his lifetime. It appears that Stanley received the $900 in question from the plaintiff's mother upon these conditions, and that he kept and obtained the same and appropriated it to his own use, and at no time during his life did he account for or pay any part thereof to the plaintiff. It is further shown that Stanley died on January 29, 1899, in Madison county, Indiana, leaving said money so received by him due and unpaid to plaintiff.

By the facts as alleged in the complaint it appears that the money in question was not to be absolutely due and payable to the plaintiff until the death of said John H. Stanley. The mere fact, then, that he is shown to have had the privi-

lege, at his option, of paying the money at any time during life, would not, as insisted by appellant, operate to subject the claim to the six years' statute of limitation.

The following facts appear to be established by the evidence: John H. Stanley died testate on January 29, 1899, at Madison county, Indiana, leaving surviving him, his widow, Mary A. Stanley, who was appointed administratrix of his estate with the will annexed. He was married four times, and left surviving him the following children as the fruits of his first marriage: William and Meredith Stanley and Sallie Clevenger. Mrs. William Childers is the only surviving child of the second marriage. Homer Stanley, Lutesia Pence—appellee herein—and Cleoria Stanley are the three surviving children of his third marriage. The mother of these three latter children was Dona Stanley, formerly Dona Pittsford. Eleven children were born unto her and her said husband, John H. Stanley, but all except four died prior to her death, which occurred sometime during the year 1882. Nancy Stanley, one of the four children who survived her mother, Dona, died in the year 1884, leaving but three of the four surviving, viz.: Homer Stanley, Cleoria Stanley, and Lutesia Pence—the appellee herein. Sometime in 1863 Dona Stanley, the mother of these latter children, received from the estate of her deceased father, William Pittsford, the sum of $630. During the same year her husband, John H. Stanley, obtained or received this sum of money from his said wife under the promise by him that he would hold it for her children, and would account to and pay the money over to them when they were old enough to take care of it; or, according to his own admissions and declarations, he was to account for the same to these children, and they were to receive it at least at his death. In 1881 appellee's mother, Dona Stanley, received from the estate of her mother the further sum of $250, and when the administrator of the estate came to pay the money to her, her husband John H. Stanley, requested that the

money be turned over to him, asserting or stating to his wife that she did not need it. Mrs. Stanley, it appears, stated to him that she did not want him to have the money; that she intended that her own children should have the money. Thereupon it appears the husband stated or promised her that every cent of money received by him from her should go to her children. Under this promise, and upon this condition, it appears that she permitted the administrator of her mother's estate to turn over to the husband her said distributive share of $250. After the husband had received these respective sums of money, as heretofore mentioned, he repeatedly acknowledged to persons, in effect, that he had received the money from his wife for her children, and that he was holding it for them, and intended to pay it over to them as soon as he thought "they needed it," or when "he got ready." Sometimes he would declare or state in the presence of persons that his wife's children would have to wait until his death, and then the money which he had received from their mother for them would be a claim against his estate. It is disclosed that after he received the aforesaid sums of money he actually used the money by investing it in real estate for his own benefit. At the time he obtained the first money, in 1863, appellee was a small girl, about six or seven years old. There is no evidence to show that her father, at any time after he had received the money in question, denied or repudiated the trust imposed upon him by his wife, but at all times expressly admitted or acknowledged that he had received the money for her children, and was holding it for them. There is no evidence to show that Stanley at any time prior to his death apprised or informed appellee that he had received this money for her, and there is nothing to show that prior to his death she had any knowledge that her said father had received any money from her mother which he was holding for her use and benefit. It is not disclosed that any guardian was appointed for appellee during her minority.

There is no evidence to prove any express promise on the part of Stanley to pay interest on the money which he received, and the jury in an answer to an interrogatory so find. Therefore counsel for appellant contend that by reason of the fact that appellee failed to prove the promise to pay interest as alleged in the complaint, and also, as they insist, failed to establish that there was an express agreement by John H. Stanley that the money should be due and payable at his death, she has failed to establish the theory upon which her complaint proceeds, and is not entitled to recover in this action; or, in other words, it is alleged that the recovery must be *secundum allegata et probata.* It must be remembered, however, that the money sought to be recovered in this proceeding is presented under the complaint as a claim against the estate of the decedent, John H. Stanley.

Appellee, the claimant, was not required, under the provisions of the statute governing or controlling the settlement of the estate of a decedent, to file a formal complaint, but it was only necessary that she should file a "succinct and definite statement" of her claim, embracing therein such facts as were necessary to constitute a *prima facie* claim against the estate in her favor. In view of or in consideration of this fact we have held that the rule so frequently asserted, to the effect that a plaintiff must recover upon the theory outlined by the facts alleged in his complaint, does not apply to or control the mere statement of a claim filed against a decedent's estate. *Masters* v. *Jones,* 158 Ind. 647; *Thomas* v. *Merry,* 113 Ind. 83; *Woods* v. *Matlock,* 19 Ind. App. 364.

While it is true that appellee did not prove all which she alleged in her formal complaint, nevertheless there is evidence sufficient to establish substantially the issuable facts constituting the cause of action set out in the complaint. This was sufficient. *Terre Haute, etc., R. Co.* v. *Sheeks,* 155 Ind. 74.

It is insisted by counsel for appellant: (1) That the amount of recovery is too large; (2) that under the facts a recovery is barred by the statute of limitations. The objection urged against the amount which appellee recovered is based upon the ground that she is not entitled to any interest on the money in dispute. Under the instructions of the court the jury, it appears, allowed six per cent. interest on each amount of the money received, in question, from the time the same was received by Stanley. By so instructing the jury it is claimed that the court erred for the reason, as counsel insist, that Stanley was only the custodian of the money in controversy, and therefore was not liable for interest thereon. The inquiry, under the facts, is as to whether, by receiving the money in dispute, the mere relation of creditor and debtor was created between the husband and the children of his wife, or must he be regarded and treated as receiving and holding it in trust for these children? That a trust in personal property or money may be created by parol is settled beyond controversy by the decisions of this court. *Hon* v. *Hon,* 70 Ind. 135; *Hunt* v. *Elliott,* 80 Ind. 245, 41 Am. Rep. 794; *Mohn* v. *Mohn,* 112 Ind. 285; *Thomas* v. *Merry, supra; Haxton* v. *McClaren,* 132 Ind. 235.

The facts disclose that John H. Stanley, the husband, had children by former marriages, and the desire or intention manifested and expressed by the wife was that the money should be received and held by him for her own children. His declarations, when considered along with other evidence and circumstances in the case, establish that fact. It is evident under the facts that the receiving of the money in question by him was, to say the least, the equivalent of his receiving it to hold or keep it for his wife's children, and this trust he expressly agreed to execute. The transaction, being a matter between husband and wife, is strengthened by reason of this relation, and the confidence which the wife would naturally repose in her husband in

respect to his carrying out her wishes and desires in regard to the money. It is not essential that technical language or words be used to create a a trust; it is sufficient if the intention of the settlor is manifest or made apparent. *Anderson v. Crist,* 113 Ind. 65.

We are of the opinion that under the facts equity will regard and treat Stanley as receiving and holding the money in trust for the children of his wife, and a recovery thereof can be enforced by appellee, as one of them, so far as she is concerned. This is fully sustained by the authorities. *Miller v. Billingsly,* 41 Ind. 489; *Durham v. Bischof,* 47 Ind. 211; *Wyble v. McPheters,* 52 Ind. 393; *Hogshead v. State, ex rel.,* 120 Ind. 327; *Reddick v. Keesling,* 129 Ind. 128; *Ransdel v. Moore,* 153 Ind. 393, 53 L. R. A. 753, and cases cited; *Haxton v. McClaren,* 132 Ind. 235.

Under the facts the trust so created was a direct and continuing one, not cognizable at law, but exclusively within the jurisdiction of equity. Stanley, as it appears, repeatedly acknowledged his trust, and never repudiated or disavowed the same, therefore his holding or claim to the money at no time became adverse to the *cestui que trust;* hence, under these circumstances, the statute of limitations is not available, for the reason that it never began to operate. The position of the trustee not being adverse to the beneficiary, therefore, as between the former and the latter, there can be no limitation of time, unless it is made to appear that there was a clear repudiation or denial of the trust by the trustee, and that notice or knowledge thereof was brought home to the *cestui que trust* or beneficiary, so as to require the latter to act in the premises upon a clearly asserted title upon the part of the trustee. *Raymond v. Simonson,* 4 Blackf. 77; *Ward v. Harvey,* 111 Ind. 471; *Thomas v. Merry,* 113 Ind. 83; *Jackson v. Landers,* 134 Ind. 529; *Parks v. Satterthwaite,* 132 Ind. 411; *Jones v. Henderson,* 149 Ind. 458; Perry, Trusts (5th ed.), §§863, 865.

The general rule that the statute of limitations will bar suits in equity as well as actions at law has well recognized exceptions in a direct and continuing trust, which is the creature of equity, and falls within the latter's sphere or jurisdiction. *Raymond* v. *Simonson, Parks* v. *Satterthwaite,* and *Jones* v. *Henderson, supra.* It follows that there is nothing in the case at bar to justify the contention that the statute of limitations is a bar to appellee's right of recovery.

The next question is, can the allowance of six per cent. interest on the money from the time it was received be justified? There is evidence to show that Stanley actually used the money in the purchase of real estate for himself, thereby converting it to his own use and profit. Under the circumstances it would be wholly inequitable not to charge him, as trustee, with the legal rate of interest upon the trust funds. As a general rule, in the absence of anything to the contrary, the question of requiring a trustee to pay interest on the trust funds is one which must depend upon the facts and circumstances in each particular case; and where good conscience requires that the trustee be charged with interest, the payment thereof ought to be exacted. *Miller* v. *Billingsly,* 41 Ind. 489; *Pittsburgh, etc., R. Co.* v. *Swinney,* 97 Ind. 586.

In fact, it may be asserted that the case at bar falls within that clause of the interest statute which provides that "On money had and received for the use of another, and retained without his consent, interest shall be allowed at the rate of $6 a year on $100." §7045 Burns 1901.

We conclude that under the facts it was entirely proper and right for the jury to allow the legal rate of interest on the money in question from the date it was received by Stanley, the trustee, and therefore the court did not err in so advising the jury. There is no error, and the judgment is affirmed.

Stanley's Estate *v.* Pence.

## On Petition for Rehearing.

Per Curiam.—Counsel for appellant, in their brief on the petition for a rehearing, argue that the court at the former hearing entirely disregarded the question presented upon the rulings of the court in giving and refusing certain instructions; and for this reason, among others, a rehearing is requested. Counsel state that they relied more for a reversal of the judgment upon the errors arising in the instructions complained of, than upon any other feature in the case. While it is true that the opinion does not, in terms, refer to and pass upon all of the instructions about which appellant complained, nevertheless the entire charge of the court was considered; and we were then, and are still, satisfied that, under what may be said to be the uncontradicted facts established by the evidence in the case, appellant has no grounds, arising out of the refusing or giving of instructions, upon which to base a demand for a reversal of the judgment. The conclusions reached and stated in the court's opinion in regard to the law controlling the case at bar fully disposed of the instructions given and requested relative to the statute of limitations. In fact, it may be said that with whatever error, if any, the charge of the court is impressed, such error is in favor of appellant, and prejudicial alone to appellee. The trial court appears to have fairly and fully advised the jury in regard to the burden which the law cast upon appellee, and also as to what was essential for her to establish by a preponderance of the evidence before she was entitled to recover. The jury was also advised in respect to the defenses interposed by appellant, and what was required by her in order to defeat a recovery for which appellee contended. It is especially insisted that instruction number two is manifestly wrong, because it informed the jury that, if the defendant had established one or the other of her special paragraphs of answer, then the plaintiff could recover on less than a fair preponderance of the evi-

dence.   It is true that the instruction in controversy is not skilfully drafted, but nevertheless it is not open to the objections or criticism urged by counsel for appellant.   What the instruction purports to inform the jury is not that the plaintiff could recover upon less than a fair preponderance of the evidence if the defendant had established one or more of her defenses, but what the court professed to state to the jury, and what the jury must have understood thereby, was that the plaintiff was entitled to recover if she had proved by a fair preponderance of the evidence all of the material averments of her complaint, unless the jury was satisfied from the evidence in the case that the defendant had established one or the other of her special paragraphs of answer.   The court by other instructions thoroughly informed the jury that the burden was upon the plaintiff to prove all of the material facts alleged in her complaint. The instruction in question must be given a reasonable interpretation, and when considered in connection with others comprising the charge of the court, as it must be, it, in reason, can not be said to have misled the jury to the prejudice of appellant.

We have again given the questions involved in this appeal a careful consideration, and are content with the conclusion reached at the former hearing; believing, as we do, that the judgment of the lower court accords both with justice and law.

Petition overruled.