## CAMP, ADMINISTRATOR, v. CAMP, EXECUTOR.

[No. 8,311. Filed January 23, 1913.]

1. APPEAL.—*Assignment of Errors.—Waiver.*—Errors assigned, but not discussed, are waived. p. 251.

2. APPEAL.—*Record.—Briefs.—Sufficiency.*—Where the transcript and briefs substantially comply with the rules of court, they are sufficient to prevent a dismissal of the appeal. p. 252.

3. JURY.—*Right to Trial by Jury.—Refusal.*—Where a cause is triable by jury, the court's refusal to permit it to be so tried is error. p. 252.

4. JURY.—*Right to Trial by Jury.—Equity.—Trusts.*—Under §418 Burns 1908, §409 R. S. 1881, providing how causes shall be tried, where the complaint in an administrator's action disclosed that plaintiff's decedent was the mother of defendant's decedent, and

that the mother and son lived for many years in relations of the greatest trust and confidence, during which time the son marketed the products of the mother's land for her benefit, and deposited and loaned out the proceeds in his own name in trust for her, by reason of which the son's estate was indebted to the mother's estate in a certain sum, the refusal of the trial court to submit the entire cause to a jury was not erroneous.    pp. 252, 254.

5.  TRUSTS.—*Creation.—Creation by Parol.*—A trust in personal property may be created by parol.    p. 253.

From DeKalb Circuit Court; *D. R. Best,* Special Judge.

Action by Luther Camp, administrator of the estate of Susan Camp, deceased, against Jesse W. Camp, executor of the last will of Oliver Camp, deceased.    From a judgment for defendant, the plaintiff appeals.    *Affirmed.*

*Charles H. Bruce* and *Mountz & Brinkerhoff,* for appellant.

*P. V. Hoffman* and *Link & Atkinson,* for appellee.

SHEA, J.—Appellant in this case was the plaintiff below. As the administrator of the estate of Susan Camp he filed a claim in the form of a complaint against the estate of appellee's decedent for rents and profits received and held in trust by Oliver Camp for his mother Susan Camp.    To this complaint no answer was filed.    Appellant (claimant and plaintiff below) demanded a jury trial, which was refused on the objection of appellee (defendant below).    On the court's own motion a jury was called to hear the evidence and answer certain questions submitted to it, on the theory, as stated, that a parol trust was disclosed by the allegations of the complaint, tendering an equitable issue rather than one at law.    Appellant duly excepted.    The cause was tried, and the court rendered judgment for appellee.    Appellant filed a motion for a new trial, assigning as reason therefor the overruling of his motion for a trial of the issues by a jury.    It is also assigned that the decision of the court is contrary to law, and is not supported by sufficient evidence, but said errors are not discussed, and are therefore waived.

Appellee makes vigorous attack on appellant's brief, as well as the transcript filed, as not conforming to the rules of this court. The transcript and briefs are by no means models of neatness, but there is a substantial compliance with the rules, and the court does not feel justified in dismissing the appeal for that reason.

The refusal of the trial court to submit the cause to a jury for trial presents a serious question. If the plaintiff was entitled to a trial by jury on the issue as presented, it was error to refuse it. In the case of *Morgan* v. *Squier* (1856), 8 Ind. 511, the court uses this language: "We think the mode prescribed for filing claims, entering them upon the appearance, and afterwards, if necessary, upon the issue docket, etc., is a mode of getting them into court to receive final adjudication, as in a suit at law."

The complaint discloses that appellant's decedent, Susan Camp, was the mother of appellee's decedent, Oliver Camp; that for a great number of years they resided together, and that there existed between Oliver Camp and his mother, Susan Camp, during her lifetime, relations of the greatest trust and confidence; that Susan Camp was the owner of a large amount of real estate, the products of which Oliver Camp took possession during all of said years, and marketed for her, for her use and benefit and in trust for her, and received and collected all the moneys arising from the sale of his mother's share of the products of said land; that the moneys so received by Oliver Camp were by him deposited in various banks, in his own name, and loaned by him to persons on notes and other evidences of indebtedness which were taken in his own name, and all of which he at all times held for the use and benefit of his mother, and in trust for her; that the proceeds of all of said lands were at all times taken by Oliver Camp in trust for the use and benefit of his mother; that

during 1892 he farmed 160 acres of land in DeKalb county,
belonging to Susan Camp, with the agreement that she
should have one-half of the proceeds thereof, which he was
to hold in trust for her use; that large quantities of hay,
corn and other farm products were produced and marketed;
that Oliver Camp, acting as trustee and agent for his mother,
performed the business of selling said farm products and
live stock, and collected all the moneys received from the
sale thereof, which moneys he kept and held in trust for
his mother, and in his own name deposited the same from
time to time in banks, and loaned the same to various per-
sons, but in all his dealings therein he took, held, kept and
handled the money for the benefit and use of his mother, in
trust and not otherwise; that he received in trust for his
mother during said years a total sum from proceeds of said
farms of about $10,000, for which he never accounted to
his mother during her lifetime, or to her heirs or representa-
tives after her death.   The complaint alleges that on account
of the moneys so received and held by Oliver Camp in trust
for his mother, he was at the time of his death, and his
estate is now indebted to the estate of his mother in the
amount of $10,600.   Judgment for $15,000 is prayed.

In this case the subject-matter of the action was personal
property.   It has often been held that a trust in personal
property may be created by parol.   *Taber* v. *Zehner*
(1911), 47 Ind. App. 165, 93 N. E. 1035; *Cowan* v.
*Henika* (1897), 19 Ind. App. 40, 48 N. E. 809; *Woods*
v. *Matlock* (1898), 19 Ind. App. 364, 48 N. E. 384; *Stan-
ley's Estate* v. *Pence* (1903), 160 Ind. 636, 66 N. E. 51,
67 N. E. 441.

The court in *Taber* v. *Zehner, supra,* says: "It is ele-
mentary that no particular form of words is necessary in
order to create a trust, so that each case usually depends
upon its own facts and circumstances from which the inten-
tion of the parties to create a trust is to be determined."

State, ex rel., v. Jackson—52 Ind. App. 254.

It was held on facts pleaded very similar to those in the case now being considered, that a trust was created, and that the case was one of equitable cognizance.

In *Stanley's Estate* v. *Pence, supra*, the facts alleged, briefly stated, were that Stanley received certain sums of money during the lifetime of his wife, in trust for her children by a former marriage. Stanley kept the money and managed it during his lifetime, and at his death a claim was filed against his estate for the amount of money. The court held under the facts that "the trust so created was a direct and continuing one, not cognizable at law, but exclusively within the jurisdiction of equity."

We think the action of the court in calling a jury to answer the interrogatories submitted was all appellant was entitled to under the facts as pleaded. No error 4. was committed by the court in refusing to call a jury in such a case, in view of the authorities cited. §418 Burns 1908, §409 R. S. 1881.

Judgment affirmed.

NOTE.—Reported in 100 N. E. 478. See, also, under (1) 3 Cyc. 388; (5) 39 Cyc. 51. As to waiver of appeal or right of review, see 13 Am. Dec. 546.