## SWITOW v. DUSTMAN.

[No. 22,812.   Filed October 15, 1915.]

1. APPEAL.—*Questions Reviewable.—Ruling on Motion for New Trial.—Waiver.—Briefs.*—In an action for damages for breach of contract, no question is presented on the overruling of the motion for a new trial by the statement under points and authorities in appellant's brief, that the evidence shows no demand for any amount due under the contract; all other causes assigned in the motion being waived by failure to discuss them. p. 626.

2. APPEAL.—*Assignment of Errors.—Waiver.*—The question arising on an assignment of error in ruling on a motion to make specific is waived by appellant's failure to state any proposition or state any authorities to sustain his position. p. 627.

3. CONTRACTS.— *Breach.— Action for Damages.— Complaint.—* A complaint in an action for damages for breach of a contract alleging that plaintiff was ready and willing to perform and had offered to perform, but was prevented from doing so by the acts and conduct of defendant, need not allege performance of the contract by plaintiff or that the damages for its breach are due and unpaid. p. 627.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Action by Carl Dustman against Michael Switow. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590. ) *Affirmed.*

*James W. Fortune,* for appellant.
*H. W. Phipps* and *E. C. Hughes,* for appellee.

LAIRY, J.—In the trial court appellee recovered judgment against appellant in the sum of $340 for breach of a contract, by the terms of which appellee was to furnish material and to do certain ornamental plastering and decorating in a building appellant was erecting in the city of Jeffersonville, Indiana.

Several errors are assigned on appeal but all are expressly waived except the second, fourth and ninth. The ninth assignment of error states that the trial court erred in overruling appellant's motion for a new trial. In the brief of appellant under the head of "Propositions and Authorities" no reference is made to the motion for a new trial except by a statement that the evidence shows no demand on appellant for any amount due under the contract. This is not a suit to enforce a contract for the recovery of money due thereunder, but it is a suit to recover damages for the breach of a contract. In such a case a demand is not a prerequisite to a right to bring an action. All other causes assigned in the motion for a new trial are impliedly waived by a failure to discuss them in the brief.

The fourth assignment of error calls in question the action of the trial court in overruling appellant's motion for

an order requiring appellee to make the second paragraph of complaint more specific. The question thus presented is waived by a failure of appellant to state any proposition or to cite any authorities to sustain his position.

The second error assigned is that the court erred in overruling appellant's demurrer to the second paragraph of complaint. Appellant objects to the complaint upon the grounds that it fails to state that the demand sued for is past due and unpaid, and that it is further defective for failing to state that appellee has performed the contract on his part. If this were an action to enforce a contract according to its terms by the recovery of money stipulated therein to become due and payable upon the performance of the contract or some definite part thereof, it would be necessary to allege that plaintiff had performed the contract on his part or so much thereof as entitled him to recover the amount stipulated; but this complaint does not seek to treat the contract as subsisting and to recover a sum of money due plaintiff under its terms. On the contrary it proceeds upon the theory that the contract was terminated by a breach on the part of defendant and the relief sought is the recovery of damages for such breach.

In the first sentence contained in the argument of appellant's brief, he admits that the action is one for the recovery of damages for breach of a contract. The complaint alleges that appellee was ready and willing to perform the contract on his part and that he offered to perform it but was prevented from so doing by the acts and conduct of appellant. A complaint showing this state of facts need not allege performance of the contract by the plaintiff or that the damages for the breach are due and unpaid.

No reversible error is shown and the judgment must be affirmed.

NOTE.—Reported in 109 N. E. 745. See, also, under (1) 3 Cyc. 388; (2) 3 C. J. 1421, 1431; 2 Cyc. 1017; (3) 9 Cyc. 724.