## REED, EXECUTRIX, v. FARMERS BANK OF FRANKFORT.

### [No. 9,503. Filed April 12, 1918.]

1. APPEAL.—*Presenting Questions for Review.—Assignment of Error.—Ruling on Motion to Dismiss.*—No question is presented for review as to the trial court's overruling defendant's motion to dismiss the complaint as to her where such ruling is not challenged by any assignment of error. p. 428.

2. ABATEMENT AND REVIVAL.—*Executors.—Substitution in Suit.— Voluntary Appearance.—Statutes.*—Section 2829 Burns 1914, §2311 R. S. 1881, providing that no action shall be brought by complaint and summons against any executor on contract, etc., has no application to a case where suit was not brought against an executrix, but against her deceased husband prior to his death, and upon her substitution as the representative of his estate, she appeared to the action, so that, under the provisions of §318 Burns 1914, §315 R. S. 1881, relating to service of summons, there was no need for summons. p. 428.

3. PARTNERSHIP.—*Action on Partnership Note.—Complaint.—Sufficiency.*—In an action on a partnership note, an amended paragraph of complaint averring that the named defendants doing a partnership business under a certain firm name executed the note, that the defendant who signed the firm name to the note by himself as manager was a member of the firm and its manager with authority to execute the note, and that he had a right to deliver the instrument to the payee, was sufficient as against a demurrer on the ground that the complaint did not allege facts to show the authority of such manager to sign the firm name for the members thereof. p. 429.

4. PARTNERSHIP.—*Action on Partnership Note.—Complaint.—Sufficiency.—Averment as to Partnership Assets.*—In an action against a partnership on a firm note, where the complaint stated a common cause of action against all the members of the firm, the fact that one of them died and that the executrix of his will was substituted as his defendant, since it did not affect plaintiff's cause of action, or make it a claim against the estate of the deceased member of the partnership, did not make essential to the sufficiency of the complaint averments showing that there were no partnership assets out of which plaintiff could make its claim and that there was no solvent partner living. p. 430.

5. APPEAL.—*Briefs.—Sufficiency.—Abstract Propositions of Law.*—Where appellant's motion for a new trial contained a number of

separate grounds, and in her points and authorities under the heading, "On the Admission of Evidence," were stated numerous general propositions without applying them to any particular ground of the motion, the briefs did not comply with the rules of court. p. 430.

6. WITNESSES.—*Competency.*—*Transaction with Deceased.*—*Statute.*—In an action against a partnership on a firm note where the executrix of a deceased partner was substituted for him as a defendant, where, after one of the partners had identified an exhibit tending to prove the partnership and testified without objection that he and the deceased partner had signed it, the executrix objected on the ground that it was "an effort to prove a partnership existing between this defendant and another defendant which will affect the rights of the defendant administratrix, and for the reason that the evidence is incompetent" under §521 Burns 1914, §498 R. S. 1881, relating to competency of witnesses in suits in which an executor or administrator is a party, such objection was too late if directed to the identification of the instrument and untenable to the admission of the exhibit. p. 431.

7. WITNESSES.—*Competency.*—*Transaction with Deceased.*—*Statutes.*—In an action on a partnership note where the executrix of a deceased partner was substituted for him as a defendant, testimony of a surviving partner that he signed the firm name to the note by himself as manager, being directly antagonistic to his interest, was admissible under §526 Burns 1914, Acts 1883 p. 102, excepting from the provisions of §521 *et seq.* Burns 1914, §498 R. S. 1881, relating to the competency of witnesses to testify as to matters occurring during decedent's lifetime, a party adverse to the party calling him. p. 432.

From Monroe Circuit Court; *Robert W. Miers,* Judge.

Action by the Farmers State Bank of Frankfort against Harriett Reed, executrix of the last will and testament of Samuel P. Reed, deceased, and others. From a judgment for plaintiff, the named defendant appeals. *Affirmed.*

*Jesse B. Fields,* for appellant.

*Joseph E. Henley* and *George W. Henley,* for appellee.

HOTTEL, J.—This is an appeal by appellant from a judgment for $889 in appellee's favor in an action brought by it in July, 1911, in the Monroe Circuit Court, on a note for $580.50 payable to the order of the "Wallace Manufacturing Company  *  *  *  at the Bloomington National Bank, Bloomington, Indiana," and signed by "Garrison Brick Company, C. P. Garrison, Manager."

The suit was against Samuel P. Reed, Charlie P. Garrison and John H. Huntington. The complaint alleges that said defendants were partners doing business under the firm name of the "Garrison Brick Company," and that under such firm name they executed the note in suit, a copy of which is made part of the complaint by way of exhibit; that after the execution of the note, and before the same became due, the Wallace Manufacturing Company indorsed it to appellee. A copy of said indorsement is also made part of the complaint by way of exhibit. At the October term, 1912, of said court, the death of the defendant Samuel P. Reed was suggested by the plaintiff (appellee), whereupon the court ordered that Harriett Reed, executrix of the last will and testament of said Samuel P. Reed, deceased, be, and she was, made a defendant. Other proceedings were had in said cause which we deem it unnecessary to set out, and the same was continued from time to time until October 5, 1915, when the cause was dismissed as to John H. Huntington, and the case put at issue. A trial by the court resulted in a general finding in favor of appellee against the defendants Garrison and Reed, executrix, as principals on said note, and that the Wallace Manufacturing Company

is secondarily liable as the indorser.   Judgment was rendered accordingly.

Reed alone appeals, and assigns as errors the following rulings of the trial court:   (1) The complaint of the appelle does not state facts sufficient to constitute a cause of action against appellant.   (2) The court erred in overruling the demurrer of appellant to the amended complaint of appellee.   (3) The court erred in overruling appellant's motion for a new trial.

Under points and authorities in her brief, appellant challenges the action of the court in overruling her motion to dismiss the complaint as to her.   It will be observed that such ruling is not challenged by any assignment of error, and hence is not presented for our determination.   We might add in this connection that the only reason suggested by appellant in her points and authorities in support of her contention that the cause should have been dismissed as to her is that furnished by §2829 Burns 1914, §2311 R. S. 1881, which provides that no action shall be brought by complaint and summons against any executor, administrator, and any other person or persons or his or their legal representatives on contract, etc.

The answer to this contention is that this action was not brought against the executrix, but against her deceased husband before his death.  ·  Upon her substitution as the representative of the estate of the deceased husband, she appeared to the action, and there was no need for a summons.   §318 Burns 1914, §315 R. S. 1881.

Appellant has not set out in her brief the complaint, the note sued on, or the demurrer to the complaint, or the memorandum filed therewith.   This is not a com-

pliance with the rules of the court, but under her points and authorities and under the heading "On Overruling Appellant's Demurrer to  *  *  *  Complaint," appellant states two general propositions which appellee has in effect treated as being a sufficient challenge of the complaint, and we will likewise so treat said propositions. They are in substance as follows: (1) That such complaint does not allege facts showing the authority of C. P. Garrison to sign said note as and for the members of the firm constituting the "Garrison Brick Company"; and (2) that such complaint does not contain averments showing that there are no partnership assets out of which appellee could make its claim and no solvent partner living.

As affecting said first ground of objection, the amended complaint contains said general averment, indicated *supra,* that the defendants, Samuel 3.   P. Reed, Charlie P. Garrison and John H. Huntington, by the firm name and style of the Garrison Brick Company executed said note, and also the specific averments as follows: That C. P. Garrison, the person who signed the firm name and style of "Garrison Brick Company" to said note by himself as manager, is the same person as Charlie P. Garrison, one of the defendants herein; that at the time said defendant C. P. Garrison signed the firm's name to said note he was a member of said firm of Garrison Brick Company, and was the manager thereof, and as such member and manager was authorized by said firm to sign and execute said note, and that he was acting within the scope of his authority and within the scope of the firm's business, and had a right to execute and deliver said note to

the payee thereof. These averments, we think, are a complete answer to appellant's first objection.

In support of its second objection, appellant cites the case of *Weyer* v. *Thornburgh, Admr.* (1860), 15 Ind. 124. This case simply holds that inasmuch as partnership creditors have a priority in the distribution of partnership assets, and individual creditors can only take the excess, so individual creditors have a priority in the individual assets, and partnership· creditors can only have distribution of the surplus. There is nothing in the case tending to support appellant's said second proposition, *supra.*

As before indicated, this action was the ordinary suit on a note executed by the partnership. It was not a claim against the estate of a deceased member of such partnership, but a complaint against all the members of such firm. The complaint stated a common cause of action against all of such members, and the fact that one of them died and that the executrix of his will was substituted as his defendant did not affect appellee's cause of action on said note, or make the averments insisted on by appellant essential or necessary thereto. Appellant's right to have partnership property, if there is any, exhausted before the property of the estate of her decedent could have been reached in another way.

Appellant's motion for a new trial contains sixteen separate grounds. In her points and authorities under the heading "On the Admission of Evidence," she states numerous general propositions without applying them to any particular ground of said motion. This was not a compliance. with the rules. *German Fire Ins. Co.* v. *Zonker* (1914), 57 Ind. App. 696, 108 N. E. 160; *Chicago, etc.,*

*R. Co.* v. *Dinius* (1913), 180 Ind. 596, 103 N. E. 652. However, the particular ground of the motion for a new trial to which some of said propositions were intended to be directed is fairly inferable from their wording, and appellee so interprets such propositions and discusses them. These will be considered and determined.

The first of said propositions is as follows: In suits in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator, any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate. §521 Burns 1914, §498 R. S. 1881.

Appellee has assumed, and doubtless properly so, that this proposition is directed to the admission of the evidence of the defendant Garrison in relation to the identification of exhibit A. The record, however, shows that Garrison identified said instrument and testified without objection that he and Reed had signed it. This evidence authorized the admission of such exhibit as evidence, provided, of course, that it was material. The exhibit, in fact, proved or tended to prove the partnership. The appellant at this point objected on the ground that it was "an effort to prove a partnership existing betwen this defendant and another defendant which will affect the rights of the defendant administratrix, and for the reason that the evidence is incompetent under the statute." This objection was wholly untenable, if directed to the admission of the exhibit,

and if directed to the identification of the instrument it came too late. We might add that the signature to said instrument was identified by other disinterested witnesses whose testimony was uncontradicted. This entitled the instrument to go in as evidence in any event.

Garrison also testified that he signed the name, "Garrison Brick Company, C. P. Garrison, Manager," to the note in suit, and it is conceded by appellee that this action of the court is challenged by appellant. This ruling is justified by appellee, and correctly so we think, on the ground that the evidence elicited from the witness was directly antagonistic to his interest. Section 526 Burns 1914, Acts 1883 p. 102, excepts from the provisions of said §521 *et seq.*, a party to a suit who is adverse to the party calling him. As affecting this question, see *Leach* v. *Dickerson* (1895), 14 Ind. App. 375, 42 N. E. 1031. Here again another witness testified to seeing Garrison sign the note in suit.

Other rulings relating to the admission of evidence are discussed by the parties, but, so far as presented by the record, they are in effect disposed of by what we have already said.

No reversible error being shown, the judgment of the trial court is affirmed.

Batman, P. J., not participating.

NOTE.—Reported in 119 N. E. 261. Substitution of executor or administrator, 50 Am. St. 741. See under (2) 1 C. J. 239; (6) 40 Cyc 2310.