## J. I. CASE THRESHING MACHINE COMPANY *v.* HUFFORD ET AL.

### [No. 9,572.    Filed November 27, 1918.]

1. APPEAL.—*Briefs.*—*Abstract Propositions of Law.*—Where appellant's motion for a new trial contains a large number of causes as grounds therefor, and in its brief, under "Points and Propositions," and under the heading of "Ruling on Motion for New Trial," appellant has set out a number of abstract propositions of law, none of which are applied to any specific cause for new trial, no question arising on the ruling on the motion is presented for review. p. 608.

2. APPEAL.—*Briefs.*—*Waiver of Error.*—*Failure to Cite Authorties.*—Where appellant's brief, under its propositions and points, contains but the bare statement of an alleged error, without any excuse for not supplying authority in its support, the error is waived. p. 608.

3. APPEAL.—*Review.*—*Ruling on Motion to Modify Judgment.*—Since the correctness of the ruling on a motion to modify the judgment necessarily depends upon the evidence, and the trial court's decision is not attacked by the motion for a new trial, either upon the ground that it is not sustained by sufficient evidence or that it is contrary to law, it will be assumed on appeal that the evidence is sufficient to warrant the ruling on the motion to modify. p. 608.

From Clinton Circuit Court; *Joseph Combs,* Judge.

Action by the J. I. Case Threshing Machine Company against John Hufford and another in which the defendants counterclaimed. From the judgment rendered, the plaintiff appeals. *Affirmed.*

*Earl R. Gruber* and *Harry C. Sheridan,* for appellant.

*Kent & Ryan* and *Russel P. Harker,* for appellees.

IBACH, J.—Appellant sued appellees to recover on certain notes executed by them and to foreclose a mortgage given to secure them.

At the outset it is contended by appellees that no question is presented by appellant's brief, for reasons, among others, that the points and authorities are not directed to any particular point or ruling of the trial court; "that there is no disclosed connection between the points stated and the specific causes for a new trial alleged."

The controlling issues were presented by a complaint and counterclaim, with denials thereto. The court, in a trial without a jury, found in favor of appellant on its complaint, and in favor of appellees on the counterclaim, and judgment was rendered accordingly. On motion the judgment was afterwards modified with respect to attorney fees, but the court refused to modify it so as to increase the general recovery.

The following errors are assigned and relied on for reversal: (1) The court erred in overruling the motion of appellant to change and modify the judgment so as to increase the same by the sum of $115. (2) The court erred in overruling the motion of appellant to change and modify the judgment. (3) The court erred in overruling the motion of appellant for a new trial.

Appellant's motion for a new trial contains more than twenty separate rulings or causes. In its brief,

1. under "Points and Propositions," and under the heading of "Ruling on Motion for New Trial," appellant has set out ten abstract propositions of law, none of which disclose any connection with any specific cause for new trial. Under the rules as construed by this and the Supreme Court no question is presented. *Leach* v. *State* (1912), 177 Ind. 234, 97 N. E. 792; *Reed, Exrx.,* v. *Farmers Bank, etc.* (1918), 67 Ind. App. 425, 119 N. E. 261.

It is further insisted that no question is presented upon the motion to modify the judgment, as no authority is cited in support of the proposition.

2. Appellant's brief, under its points and propositions, contains but a bare statement of the alleged error, without any excuse for not supplying any authority in its support. It has been held that this is not sufficient to avoid a waiver of the question. *Wysor Land Co.* v. *Jones* (1900), 24 Ind. App. 451, 56 N. E. 46; *Wilson* v. *Nat. Fowler Bank* (1911), 47 Ind. App. 689, 691, 91 N. E. 269.

Furthermore, the record discloses that the decision of the court is not attacked by appellant's motion for a new trial, either upon the ground that it is

3. not sustained by sufficient evidence, or that it is contrary to law. The correctness of the ruling on the motion to modify would necessarily depend upon the evidence, and, indulging in the presumption in favor of the ruling of the trial court, we must assume that the evidence was sufficient. In any event we would be precluded from reversing upon any error not affecting the substantial rights of the appellant.

As supporting our conclusion, see *Switow* v. *Dustman* (1915), 183 Ind. 625, 109 N. E. 745; *Indianapolis,*

*etc., R. Co.* v. *Sample* (1915), 58 Ind. App. 461, 108
N. E. 400; *Sovereign Camp, etc.* v. *Latham* (1915), 59
Ind. App. 290, 107 N. E. 749; *Camp* v. *Camp* (1913),
52 Ind. App. 250, 100 N. E. 478; *Daniels* v. *Bruce*
(1911), 176 Ind. 151, 95 N. E. 569; *Illyes* v. *White
River Light, etc., Co.* (1911), 175 Ind. 118, 93 N. E.
670.

   Appeal dismissed.

   NOTE.—Reported in 121 N. E. 2.