No. 16,828.

## TONEY *v.* WENDLING ET AL.

TRUST.—*Husband and Wife.*—*Personal Property.*—A husband who receives from his wife a deposit of money belonging to her separate estate, and uses it for his own purposes, becomes charged as trustee of the money, and his heirs are liable to account to the wife.

SAME.—*Resulting Trust in Land.*—*When it Does Not Arise.*—To create a resulting trust in land, under the second clause of section 2976, R. S. 1881, in favor of a wife by reason of the use by the husband, in part payment for the land, of money held by him as her trustee, it must appear that the money was delivered by the wife prior to the purchase, and under a contract by the husband to return the identical money when requested.

From the Cass Circuit Court.

*R. Magee* and *G. W. Funk,* for appellant.

*M. B. Lairy* and *D. D. Fickle,* for appellees.

DAILEY, J.—The appellee Lennie C. Wendling filed her complaint in the court below, for partition of certain real estate, making defendants therein the appellant, Caroline Toney, and the appellees Milford Toney, Harry Toney, Albert Toney, and Ulysses Toney.

On the 9th day of November, 1892, the appellant filed her cross-complaint in the said action, making defendants therein the appellees, all of whom were minors, with the exception of Lennie C. Wendling. The court appointed David D. Fickle, Esq., an attorney at law of the Cass Circuit Court, as their guardian *ad litem,* who accepted the appointment and qualified according to law. The appellee Wendling filed a separate demurrer to each paragraph of the appellant's cross-complaint, and the guardian *ad litem* filed a separate demurrer for the minors to each paragraph thereof. The demurrers alleged, as a cause, that neither paragraph of the cross-complaint stated facts sufficient to constitute a cause of action. The

Toney *v.* Wendling *et al.*

appellant has assigned as error the sustaining of the demurrer to each of said paragraphs, yet she declines to argue the ruling upon the first paragraph, and, under the rules of practice of this court, it is waived.

In the second paragraph of her cross-complaint, appellant alleges, in substance, that she and the appellees were the owners in fee-simple, as tenants in common, of certain real estate described therein, and that they derived title to said real estate by inheritance from Samuel S. Toney, deceased, who was the father of the appellees and the husband of the appellant, and that in the year 1868, when appellant and Samuel S. Toney were married, the appellant became possessed, in her own right, of a separate estate in the sum of five hundred dollars in money, derived from the estate of her deceased father, and, at the request of her husband, Samuel S. Toney, appellant deposited with him the said sum of five hundred dollars, to be kept by him for appellant; that after her husband had received said sum of money into his custody, he took the same and used it in paying a part of the purchase-money in order to enable him to acquire title and ownership in and to the real estate described in her cross-complaint; that said sum of money was never repaid to appellant, and her husband died intestate in the year 1891, leaving surviving him as his only heirs at law the appellant and the appellees herein, and she asks, in her cross-complaint, to have a lien declared upon the lands to be partitioned, for the said sum of money, with interest, and alleges that the personal estate of the decedent is insufficient to pay such demand. She also alleges that, in addition to said lien, she is the owner in fee-simple of the undivided one-third of the real estate described therein, and that the appellees each own the undivided two-fifteenths of said land, subject to the lien and interest of the appellant, as aforesaid. The appel-

lant prays for the partition of said real estate, as well as that such lien be declared in her favor for the amount of money belonging to her, which her husband invested in said lands.

This paragraph of the cross-complaint is drawn upon the theory that, by reason of the acts and dealings of the appellant and her deceased husband, Samuel S. Toney., a trust resulted in her favor in a part of the lands of which he died seized, and, by reason of this fact, she is entitled to have a lien declared upon the lands in her favor, to the extent of the amount of money she deposited with the husband, which he used in its purchase, with interest thereon.

Under the common law rule, the wife's personal estate once reduced to the possession of the husband became his, and no trust could result from its investment in land. *Ream* v. *Karnes*, 90 Ind. 167 (172), and cases cited.

But it is now the established law of this State that "The personal property of the wife held by her at the time of her marriage, or acquired, during coverture, by descent, devise, or gift, shall remain her own property to the same extent and under the same rules as her real estate so remains," etc. R. S. 1881, section 2488; Burns' Rev. 1894, section 2649.

In *Armacost, Admr.*, v. *Lindley, Admr.*, 116 Ind. 295, this court held that where a husband, at his own suggestion or request, obtained the title or possession of his wife's separate property, which, the statute declares, shall remain her own, even though the possession be obtained with her consent, unless the facts and circumstances show an agreement, or intention on the part of the wife that her husband shall receive it as a gift, the law will presume that he took it as her agent or trustee.

In this case, under the allegations of the cross-complaint, showing that the wife at one time had dominion

Toney *v.* Wendling *et al.*

over this money as her patrimony, but, at the request of the husband, deposited the same with him to be kept for her, and that he used it in paying a part of the purchase-money of the real estate in controversy, it is the appellant's contention that in the possession and management thereof, equity will hold the husband and his heirs trustees of such property, and upon the death of the husband the heirs are liable to account; also, that in partition proceedings among the heirs the money so loaned or deposited may be taken into consideration the same as in case of advancements, and equity will create a lien for the purpose of enabling the owner of a fund to pursue the particular thing and operate upon it in such a way as to afford adequate and specific relief; that under the doctrine of equitable liens the appellant's proper remedy to pursue is to have a lien declared upon these lands to the extent of the money so used by the husband.

In our opinion there can be no question but that in this case, under the facts stated in the cross-complaint, and in the light of the decisions of this and other courts, the appellant's husband, when he received her patrimonial estate from her, became charged as trustee of the money, and his heirs are liable to account, and such facts are sufficient to justify a judgment against his estate; but does it follow that the allegations are sufficient to show a resulting trust in the land in favor of the appellant? An implied trust is a mere creature of equity, founded upon presumptive intention and designed to carry that intention into effect—not to defeat it. If it is not the intention that the estate shall vest in him who pays the purchase-price, then no resulting trust in his favor attaches to the property. The trust can only arise from the original transaction at the time it takes place, and at no other time. The funds must be advanced and invested at the time the purchase is made. A resulting trust can

not be created by funds subsequently furnished. It is not possible to raise such a trust by the subsequent application of the money of a third person in satisfaction of the unpaid purchase-money. It has been many times held that "the resulting trust must arise, if at all, at the time of the execution of the conveyance." 2 Ballard's Annual, etc., section 625, and cases there cited; 1 Ballard's Annual, etc., section 387.

The law concerning resulting trusts in this State is fixed and controlled by statute. Section 2974, R. S. 1881 (Burns' Rev. 1894, section 3396), reads: "When a conveyance for a valuable consideration is made to one person, and the consideration therefor paid by another, no use or trust shall result in favor of the latter; but the title shall vest in the former, subject to the provisions of the next two sections." The section following contains provisions concerning the rights of creditors.

Section 2976, R. S. 1881 (Burns' Rev. 1894, section 3398), is as follows: "The provisions of the section next before the last shall not extend to cases where the alienee shall have taken an absolute conveyance in his own name without the consent of the person with whose money the consideration was paid; or where such alienee, in violation of some trust, shall have purchased the land with moneys not his own; or where it shall be made to appear that, by agreement and without any fraudulent intent, the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land or some interest therein, in trust for the party paying the purchase-money or some part thereof."

Under these sections a resulting trust will arise in three different classes of cases: *First,* where the alienee shall have taken an absolute conveyance in his own name without the consent of the person with whose money the consideration was paid. *Second,* where such

alienee, in violation of some trust, shall have purchased the land with money not his own. *Third,* where it shall be made to appear that by agreement, and without any fraudulent intent, the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land, or some interest therein, in trust for the party paying the purchase-money or some part thereof.

In the case at bar it is not assumed that the cross-complaint contains any averment that brings the appellant's claim within the terms of the first class specified in section 2976, *supra,* for it nowhere appears that the decedent took such conveyance in his own name without the consent of the wife from whom he received the the money, and we may indulge the presumption that the transaction was with her concurrence and approval. There is no claim or pretense that a resulting trust can be declared in favor of the wife, in the lands purchased by the husband, by reason of anything contained in the third class of cases, for it is not shown that by agreement, and without any fraudulent intent, the husband who received the conveyance, was to hold the land or any interest therein in trust for the wife, who alleges she paid a part of the purchase-money. But the appellant contends that her case is exactly in point under the second clause of the section which provides that if the alienee, in violation of some trust, purchases land with money not his own, and takes the title in his own name, a trust will arise in favor of the party paying the purchase-money or some part thereof. Under this clause, it is perfectly clear that if the alienee purchased the land with moneys not his own, this fact alone could create no resulting, presumptive or implied trust in favor of the person with whose money the consideration was paid. The provisions of this clause only extend to cases where the purchase shall have been made in violation of

some trust, because it so declares in express terms. In the ordinary cases of deposits of money, the transaction amounts to a mere loan or *mutuum*, or irregular deposit, and the borrower, or bailee, is required to restore an equivalent sum whenever demanded. If, in the case at bar, the purchaser's obligation was not to return the identical money placed in his hands, but other funds of equal value, it could be no violation of his trust to apply what he received for her in payment on the lands in controversy, and a trust would not result by operation of law, which would attach on the lands bought by him. If there were facts averred in the cross-complaint showing that at the time the husband bought this real estate, he paid for it in whole or in part with money belonging to the separate estate of his wife, without her knowledge or consent, or under an agreement with her, without fraud, that he would hold it in trust for her, or if it appeared that the depositary contracted to return the specific or identical property left in his custody, and he converted the thing to his own use by using it in the manner set forth, a trust would result, and he would hold the land or an aliquot part thereof for her, or she would be entitled to a lien on the premises for the amount invested if she so preferred. It follows that the cross-complaint should show, without ambiguity or equivocation, that the depositor delivered the five hundred dollars to the depositary under a contract to restore or return the same when requested or required, and that the consideration for which the lien is claimed by appellant, by virtue of such payment, was paid before the deed was taken. Such allegations would clearly make a case in which the alienee, in violation of his trust, purchased land with money not his own. But we do not think the statement in the cross-complaint that, "after the husband had received said sum of money in his custody, he

took the same and used it in paying a part of the purchase-money in order to enable him to acquire the title and ownership in and to the real estate described in her cross-complaint,'' is equivalent to an allegation that the funds of the cross-complainant went into the lands at or before the time the title vested in him. It might create an inference to that effect, but the matter quoted is in the cross-complaint by way of recital, and not by way of direct averment, which is essential to good pleading. Of course the rule is elemental that the equitable or trust estate must vest in the *cestui que trust* at the same instant of time that the legal estate vests in the trustee. Perry Trusts (2d ed.), section 133; *Reed* v. *Reed*, 25 N. E. Rep. 1095; *Crawford,* v. *Thompson*, 21 Atl. Rep. (Pa.) 994; *Barnet* v. *Dougherty*, 32 Pa. St. 371; *Hughes* v. *White*, 117 Ind. 470. In our opinion the court below did not err in its rulings.

Judgment affirmed, with costs.

