## SCOTT *v.* DILLEY ET AL.

[No. 7,782.    Filed March 25, 1913.]

1. APPEAL.—*Right to Appeal.—Acceptance of Benefits of Judgment.*—A party cannot prosecute an appeal and thereby reverse a judgment the benefits of which, with full knowledge of the facts, he has voluntarily accepted.    p. 103.

2. APPEAL.—*Right to Appeal.—Acceptance of Benefits of Judgment.—Guardian and Ward.—Partition.*—Where, in a partition proceeding against a minor defendant, and in which the guardian was not a party, such minor filed a cross-complaint seeking to establish a trust in the property, and judgment was against him on such cross-complaint and decreeing partition as prayed in the complaint, the act of defendant's guardian in taking possession of the land set off to such defendant and deriving the benefit therefrom did not operate to estop the defendant from prosecuting an appeal.    p. 104.

3. APPEAL.—*Waiver of Error.—Briefs.*—An assignment of errors questioning the sufficiency of answers is waived, where appellant, in his brief, has failed to point out any objections thereto.    p. 104.

4. TRUSTS.— *Resulting Trusts.—Evidence.—Sufficiency.*—Evidence showing that a husband and wife joined in a conveyance of the wife's land, and about the same time bought another farm which was taken in the name of the husband, and that some part of the proceeds of the first farm was used in the purchase of the second one, is in itself insufficient to show a resulting trust in favor of the wife, or her heirs, in the land so purchased in the name of the husband, under the provisions of §4019 Burns 1908, §2976 R. S. 1881.    p. 104.

5. TRUSTS.—*Resulting Trusts.—Enforcement.—Lapse of Time.*—Equity will not enforce an alleged trust, the nature of which is rendered obscure by time and acquiescence.    p. 106.

6. TRUSTS.—*Resulting Trusts.—Creation.*—A resulting trust must arise, if at all, at the time of the execution of the conveyance.    p. 106.

7. TRUSTS.—*Resulting Trusts.—Creation.*—Defendant in a partition suit, who sought by cross-complaint to establish a trust in

the property involved, had the burden of proving the material averments of such cross-complaint.   p. 106.

8.   TRUSTS.—*Enforcement.*—*Limitation of Actions.*—Although the statute of limitations does not commence to run against a trust until it has been openly disavowed, evidence, in an action to establish a resulting trust, from which the trial court may have inferred that if the trust had ever in fact been created, the acts and conduct of the holder of the legal title since 1878 were such as to indicate an open disavowal, authorized a recovery on answers setting up the twenty years' statute of limitations. p. 107.

From Sullivan Circuit Court; *Charles E. Henderson,* Judge.

Action by Rose Dilley and others against Ray Scott. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Hunt & Gambill, I. H. Kelley* and *C. W. Welman,* for appellant.

*George W. Buff, J. W. Lindley* and *W. P. Stratton,* for appellees.

HOTTEL, J.—This is an action by appellees for the partition of certain real estate in a part of which appellant, by way of cross-complaint, seeks to have a trust declared.

The facts which underlie and made possible the litigation are in substance as follows:   On August 9, 1868, Elijah H. Dilley and Mary Ann Neal were united in marriage.   The wife, Mary Ann Dilley, was the owner of a farm which she and her husband, afterwards, about 1872 or 1873 disposed of for the sum of $3,675.   The husband, about this time bought another farm, which is a part of the land sought to be partitioned.   The wife, Mary Ann Dilley, died in the year 1878, leaving as her heirs, her said husband and two children, to wit:   Tressa B. Dilley and Nora Dilley.   Nora Dilley died before her father, leaving as her heir, the cross-complainant, Ray Scott.   Elijah Dilley married a second time and died in the year 1907, leaving as his only heirs, his widow, Rose Dilley, and two children by her, Harry D. Dilley and Elijah H. Dilley, and said child and grandchild by the first wife.

All of said heirs of Elijah H. Dilley, deceased, except said Ray Scott join in the partition action. The grandchild, Ray Scott, filed a cross-complaint in four paragraphs in each of which he seeks to have a trust declared in that part of the land sought to be partitioned which was bought by the grandfather about the time his wife sold her farm.

The first paragraph proceeds on the theory that the grandmother sold her farm and furnished her husband the money to purchase the land in question under an agreement with him that he was to take and hold the land in trust for her, that such agreement was free from any fraudulent intent, etc. The second paragraph is the same as the first except it avers that the grandfather traded his wife's farm for the land in question under the agreement set out in the first paragraph. The third is the same as the second in that it avers the trade of the two farms, but differs from the first in that it avers that the grandmother entrusted her husband to make the trade and that he, in violation of the trust reposed in him, took the land in question in his own name, her farm representing the entire consideration paid therefor, etc. The fourth is the same as the third except it avers a sale of the grandmother's land by her husband, that she entrusted him with the money to buy another farm and that he bought therewith the land in question and in violation of his trust took the title in his own name, etc. A demurrer to each paragraph of cross-complaint was overruled, but no question is raised to the sufficiency of any of said paragraphs.

Rose Dilley, the widow of deceased, then filed an answer to said cross-complaint in six separate paragraphs, the first paragraph of which was a general denial. All the other plaintiffs joined in an answer to said cross-complaint in six paragraphs which were in substance the same as the said answers filed by Rose Dilley. These answers set up in one form and another the statute of limitations. A demurrer to each was overruled, and such rulings are assigned as

error. A trial by the court resulted in a finding and judgment for appellees on their complaint and against appellant on his cross-complaint. Appellant filed a motion for new trial which was overruled and this ruling is assigned and relied on as error.

We are first met with a motion to dismiss the appeal on the ground that appellant by and through his guardian, has taken possession of the land set off to him by the judgment of partition and has received and used the rents thereof and exercised other acts of ownership over such land. It is a well-settled principle of law that a party will not be

1. permitted to prosecute an appeal and thereby reverse a judgment the benefits of which, with full knowledge of the facts, he has voluntarily accepted. *McGrew* v. *Grayston* (1896), 144 Ind. 165, 41 N. E. 1027, and authorities cited. But, it is insisted by appellant that his right to the one-sixth interest in the real estate which was set off to him, was conceded by appellees in their complaint and that inasmuch as the only issue in controversy was entirely on the cross-complaint, and the appeal was in fact an appeal from the judgment on such cross-complaint that the fact that his guardian took possession and control of the one-sixth of said real estate set off to him, was not an acceptance of the benefits of the judgment appealed from within the meaning of the principle of law above announced and should not operate as a waiver or release of error. If appellant's contention rested on this ground alone, we would have serious doubt as to its validity. While it is true that his right to a sixth of the land in controversy was not disputed, yet this sixth had never been set off to him, and, before the judgment, his interest was in the entire tract, and not in any particular part thereof. The reasoning in the case of *McGrew* v. *Grayston, supra,* would seem to indicate that appellant's acceptance of the particular part of said real estate set off to him in the partition proceeding, would operate as a waiver or release of error on appeal. But, the showing made by

the sworn motion in this case, does not show that appellant himself took possession of the forty acres so set off to him, but that such possession was taken by his guardian. A counter-affidavit filed by the appellant, avers in substance that, at the time of making such affidavit, he did not have possession of such real estate and that he had not had possession thereof at any time prior thereto, and that he had not at any time attempted to take possession of said real estate and had not exercised any authority over the same, and that he was then only twenty years of age. The guardian was not a party to this suit. We find no express

2. authority in this State upon the subject of the effect of a guardian accepting for his ward the benefit of a judgment rendered in a suit against such ward affecting his real estate, but we are of the opinion that such acceptance by the guardian should not operate to estop the ward from prosecuting an appeal where the suit and judgment was against the ward. For this reason the motion to dismiss the appeal should be overruled. *Succession of Flower* (1848), 3 La. Ann. 292. Appellant nowhere in his brief either

3. under his points and authorities, or in his argument, has pointed out any objections to either of the paragraphs of answer, and his assignment of errors which questions their sufficiency will therefore be deemed waived.

The grounds of the motion for new trial relied on for reversal are: (1) The decision of the court is not sustained by sufficient evidence. (2) The decision of the court is contrary to law. In support of the first ground of said

4. motion appellant insists, in effect, that the facts of this case are clear, and that they show that Elijah H. Dilley, deceased, in the year 1872, sold the land of his then wife, Mary Ann Dilley, and took the money received from such sale, put it in the land in question and, under an agreement with her, took the title to such land in his own name to hold the same in trust for her, that the entire consideration was paid by the wife and the conveyance to the husband

was not made with any intent to defraud creditors; that a trust was thereby created in said land in favor of Mary Ann Dilley under §§4017, 4019 Burns 1908, §§2974, 2976 R. S. 1881, and that the cross-complainant as one of her heirs, is entitled to enforce such trust. We are unable to agree with appellant's view of the evidence. That appellant's grandmother owned a farm when she was married, which was afterward sold or disposed of by her and her husband, and that they, about this time, bought another farm is probably shown by the evidence with the clearness and certainty claimed by appellant's counsel, and the evidence would probably justify us in saying that some part of the money obtained from the sale of the wife's farm, went into the farm purchased and taken in the name of the husband. If these facts alone would entitle appellant to recover under his cross-complaint, the judgment below should be reversed. But the sections of statute upon which appellant relies, clearly indicate that he should have gone further with his proof. Under these sections, a resulting trust will arise in three different classes of cases, viz., *"First,* where the alienee shall have taken an absolute conveyance in his own name without the consent of the person with whose money the consideration was paid. *Second,* where such alienee, in violation of some trust, shall have purchased the land with moneys not his own. *Third,* where it shall be made to appear that by agreement, and without any fraudulent intent, the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land, or some interest therein in trust for the party paying the purchase money or some part thereof." *Toney* v. *Wendling* (1894), 138 Ind. 228, 232, 233, 37 N. E. 598. Appellant does not claim that there was any evidence to support a trust under either of said first two classes of cases, but insists that he proved an agreement by which it was understood between the husband and wife that the husband should hold the land in question in trust for the wife.

Upon the subject of the amount of the consideration paid by the wife for the land in question, and what understanding or agreement, if any, was had between her and her husband at the time of the purchase and conveyance to him of said land, the evidence is very uncertain and doubtful.

5. This no doubt resulted from the length of time intervening between the alleged creation of the trust and its attempted enforcement. This alone would furnish the trial court a reason for its decision. "If time and long acquiescence obscure the nature and character of an alleged trust, equity will refuse to enforce it." *Benson* v. *Dempster* (1899), 183 Ill. 297, 55 N. E. 651; see, also, *Parrett* v. *Palmer* (1893), 8 Ind. App. 356, 363, 35 N. E. 713, 52 Am. St. 479.

We might add that there was evidence showing that Mr. Dilley, the husband, gave his notes for the deferred payments on said land the last of which notes was not due until 1881, three years after the death of his first wife and two years after his second marriage and this note was not paid in full until after said second marriage. In the case of

6. *Tony* v. *Wendling, supra,* the Supreme Court said: "It is not possible to raise such a trust by the subsequent application of the money of a third person in satisfaction of the unpaid purchase money. It has been held many times that 'the resulting trust must arise, if at all, at the time of the execution of the conveyance.' " See authorities there cited, also, *Burkert* v. *Burkert* (1877), 58 Ind. 579; 15 Am. and Eng. Ency. Law (2d ed.) 1145.

The burden was on appellant to prove the material

7. averments of his cross-complaint, and we can not say that the evidence in support thereof was of such a character as to authorize a reversal by this court of the decision of the trial court.

The proof also shows that Mary Ann Dilley, in whose favor it is claimed the trust was created, died in 1878 without having enforced or attempted to enforce such trust. Her

surviving husband afterwards married, continued to farm the land, retained and appropriated to his own use the rents and profits of said real estate.  While it is true that

8.  where a trust has been once created the statute of limitations will not begin to run against it until the trust has been openly disavowed, there is evidence in this case from which the trial court may have inferred that, if the trust had ever in fact been created, the acts and conduct of the deceased after the death of his first wife in 1878 were such as to indicate an open disavowal of such trust, in which case appellees were entitled to recover under their answers setting up the twenty years' statute of limitations.  See *Cowen* v. *Henika* (1897), 19 Ind. App. 40, 43, 48 N. E. 809, and authorities there cited; 7 Ballard, Real Property §766 and authorities there cited.

We find no available error in the record.  Judgment affirmed.

NOTE.—Reported in 101 N. E. 313.  See, also, under (1) 2 Cyc. 651;  (2) 2 Cyc. 654;  (3) 2 Cyc. 1014;  (4) 39 Cyc. 160;  (5) 39 Cyc. 605;  (6) 39 Cyc. 105;  (7) 39 Cyc. 152;  (8) 39 Cyc. 600-605. As to resulting trusts and the circumstances they arise from, see 51 Am. Dec. 751.