MAKEEVER *v.* YEOMAN, ADMINISTRATOR, ET AL.

[No. 9,708.   Filed January 31, 1919.]

1. APPEAL.—*Review.*—*Finding of Fact.*—*Insufficiency of Evidence.* —Special findings not sustained by sufficient evidence are erroneous and conclusions of law based thereon must be set aside. p. 326.

2. TRUSTS.—*Resulting Trusts.—Burden of Proof.—Evidence.*—In a proceeding to sell lands of decedent, where defendant answered that the title to the lands involved was taken in the name of decedent to be held by him in trust, the burden is on defendant to sustain the allegations of his answer, and the mere fact that part of the purchase money may have been his property is not sufficient to show a resulting trust. p. 332.

3. TRUSTS.—*Resulting Trusts.—Evidence.—Sufficiency.*—In a proceeding to sell a decedent's real estate to pay debts, where defendant sought to establish a trust in the land by showing that it was purchased by decedent, his father, as trustee, from trust funds of a partnership composed of claimant and his two brothers, evidence *held* sufficient to sustain a finding that such trust fund was not accumulated until after the purchase of the land. p. 333.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Action by Albertus M. Yeoman, administrator of the estate of Isaac N. Makeever, deceased, against Francis M. Makeever and others. From a judgment for plaintiff, the defendant named appeals. *Affirmed.*

*E. B. Sellers* and *John Dunlap,* for appellant.

*George A. Williams* and *W. H. Parkinson,* for appellees.

ENLOE, J.—This action was brought by the appellee, Albertus M. Yeoman, as administrator of the estate of Isaac N. Makeever, deceased, to sell certain real estate alleged to have been owned by the said Isaac N. Makeever at the time of his death, to pay debts, to which action Francis M. Makeever, appellant, and Jasper Makeever, Virginia Estella Seward and Albertus M. Yeoman were made parties defendant.

The appellees Jasper Makeever and Albertus M. Yeoman filed answer in general denial. Virginia Estella Seward failed to answer and was defaulted, and the appellant Francis M. Makeever filed answer in

two paragraphs, the first, a general denial, and the second an affirmative answer in which he claimed to be the owner of an undivided one-third part of the lands described in the complaint, and asked to have his interest therein so declared.

To this paragraph of answer the appellee, Yeoman, replied in general denial, and the issues thus formed were submitted to the court for trial; and, upon the written request of appellant duly made, the court found the facts specially and stated its conclusions of law thereon, as follows: "1. That the law is with the plaintiff. 2. That the defendants take nothing by reason of their defense herein."

To which conclusions of law, and each of them, appellant duly excepted.

The appellant then filed his motion and reasons for a new trial, alleging: "1. That each of the special findings of the court, numbered from one to eleven inclusive, is not sustained by sufficient evidence, and that neither of said special findings so numbered, considered separately and alone, is sustained by sufficient evidence."

The errors upon which appellant relies for a reversal are: "1. The court erred in its conclusion of law number one, upon the special finding of facts. 2. The court erred in its conclusion of law number two, upon the special finding of facts. 3. The court erred in overruling appellant's motion for a new trial."

If the special findings as made by the court are not sustained by sufficient evidence, and are therefore erroneous, the conclusions of law based thereon must likewise be set aside, as being erroneous, and we therefore proceed to examine the

special findings, and the evidence upon which they severally rest.

The special findings are eleven in number, and are in substance as follows: That Isaac N. Makeever died intestate in Jasper county, Indiana, on November 9, 1914; that Albertus M. Yeoman was, on November 12, 1914, duly appointed administrator of said deceased, and said Yeoman was at the time of the commencement of this action, and still is, the duly appointed, qualified and acting administrator of the estate of Isaac N. Makeever, deceased; that Jasper Makeever, Francis M. Makeever, Virginia Estella Seward and Albertus M. Yeoman are the sole and only surviving heirs at law of said Isaac N. Makeever; that the total value of the personal estate of said Isaac N. Makeever which has come to the knowledge and possession of the administrator of said estate, does not exceed the sum of $900; that claims have been filed and allowed against said estate, and other claims are pending against said estate, which will have to be paid, amounting in the aggregate to $1,500, and that the personal estate of said decedent is insufficient to pay and discharge the debts and liabilities of said estate; that at the time of his death, the decedent, Isaac N. Makeever, was the owner in fee simple of the following described real estate in Jasper county and State of Indiana, to wit: The west half of the southeast quarter of section 28, township 29 north, range 7 west, and that the probable value of said real estate is $4,000; that Francis M. Makeever and Jasper Makeever are the brothers of the deceased, Isaac N. Makeever; that Milton Makeever and Nancy Makeever, both deceased, were the father and mother respectively, of said Francis M. Makee-

ver, Jasper Makeever, and Isaac N. Makeever, deceased; that the estates of said Milton Makeever and Nancy Makeever were duly administered in the circuit court of Jasper county, Indiana, and were adjudged finally settled at the February term, 1904, of said court; that Milton Makeever during his lifetime owned 965 acres of land in Jasper and Newton counties, State of Indiana; that in 1876 the said Milton Makeever made arrangements with his said three sons that they were to manage and operate said 965 acres of land belonging to said Milton Makeever during the remainder of his lifetime and the remainder of the lifetime of said Nancy Makeever; that from 1876 until the death of said Nancy Makeever the said three sons did manage and operate the said 965 acres of land belonging to their said father, and that in the management and operation of said farm the said brothers conducted the business as a copartnership; that on December 16, 1874, the real estate described in the complaint in this case, together with other real estate, to wit: the southwest quarter of the northeast quarter, and the southeast quarter of section 28, in township 29 north, range 7 west, in Jasper county, Indiana, was conveyed by Simon P. Thompson to said decedent, Isaac N. Makeever, by warranty deed, absolute upon its face and for a consideration stated in said deed of $1,000, and that said deed was duly recorded in the recorder's office of Jasper county, Indiana, and that said Isaac N. Makeever, deceased, continued to hold the record title to said real estate until a short time before his death, when he conveyed the southwest quarter of the northeast quarter of said section 28 to Albertus M. Yeoman, and when he conveyed the east half of the southeast

quarter of said section 28 to Alberda Candice Collins, and that he was the owner in fee simple of said west half of said southeast quarter of said section 28 at the time of his death.

Before entering upon the discussion as to the suf-ficiency of the foregoing findings, and whether they are severally supported by any sufficient evidence, it becomes material to notice the averments of appellant's second paragraph of answer. In this paragraph of answer, after stating the relationship of the parties and the arrangements under which the three brothers took possession of the 965 acres of land, owned by their father, the answer then proceeds: "That in pursuance of said agreement, the said three sons, Newton, Jasper and Francis M. Makeever, took possession of said land, and the live stock thereon, and managed the same jointly for a great many years; * * * that the live stock purchased, and accumulated by the increase, was handled upon the land so occupied and managed by them, as their joint property, and as said live stock was sold and turned into money, the said money was handled as the joint property of the said three sons; that by mutual arrangement the money was placed in the care of Milton and Nancy Makeever, who placed the same in the bank, or other places for safekeeping for said sons.

"That in the year 1874, the said three sons had accumulated a large sum of money from the profits of the operation of said land jointly by them as above set out, and had said money in the hands of their father, Milton Makeever; that on the 16th day of December, 1874, they purchased from one Simon P. Thompson, the South West quarter of the North East

quarter, and the South East quarter of Section 28, Township 29, North, Range 7 West, in Jasper County, Indiana, and paid therefor the sum of One Thousand Dollars in cash, from the money so accumulated by said three sons and in the hands of said Milton Makeever, who at the time held said money in trust for them; that the title to said land was taken in the name of Isaac Newton Makeever, to be held by him in trust for the three sons, Jasper, Isaac N. and Francis M. Makeever, and that said land has since been and now is held in the name of Isaac Newton Makeever, in trust for the said Jasper, Francis M. and Isaac N. Makeever.

"That this defendant is the owner in fee simple of an undivided one-third (⅓) interest in the West half of the South East quarter (¼) of Section 28, Township 29 North, Range 7 West, in Jasper County, Indiana, described in plaintiff's petition herein, and sought to be sold for the payment of decedent's debts."

Following these allegations appellant asks that a trust be declared, and that he be adjudged to be the owner of an undivided one-third part of said lands.

The controlling averments of this paragraph of answer, as relating to the supposed trust, are: That on December 16, 1874, *they* purchased from one Simon P. Thompson the lands in question, paying $1,000 therefor, in cash, from money so accumulated by them, and in the hands of their father, in trust for them, and that the title to said lands was taken in the name of Isaac Newton Makeever, *to be held by him in trust,* and that said land has since been, and now is held, in the name of Isaac Newton Makeever, in trust for said Jasper, Francis M. and Isaac Newton Makeever.

This language clearly discloses the theory of the foregoing paragraph of answer.

The sections of our statute applicable to this case are the following: "When a conveyance for a valuable consideration is made to one person, and the consideration therefor paid by another, no use or trust shall result in the favor of the latter, but the title shall vest in the former, subject to the provisions of the next two sections." §4017 Burns 1914, §2974 R. S. 1881. Section 4018 is directed at conveyances, fraudulent as against creditors, and has no relation to the facts of the case under consideration.

Section 4019 (§2976 R. S. 1881) reads as follows: "The provisions of the section next before the last shall not extend to cases where the alienee shall have taken an absolute conveyance in his own name without the consent of the person with whose money the consideration was paid; or where such alienee, in violation of some trust, shall have purchased the land with moneys not his own; or where it shall be made to appear that, by agreement and without any fraudulent intent, the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land or some interest therein in trust for the party paying the purchase-money or some part thereof."

Under the provisions of our statute the appellant can have no interest in the land in question unless he is within some one of the exceptions enumerated in §4019; *supra.*

The averment of the answer is that the title to said land was taken in the name of Isaac Newton Makeever *to be held by him in trust,* etc., clearly implying that the title *was* so taken by the agreement or understanding of all the parties interested, and therefore

this case does not fall within the first or second of the exceptions above noted, and must, if such trust is sustained, fall within the third above enumerated exception.

Under the third exception, it must be made to appear that, *by agreement* and without any fraudulent intent, the grantee took the title to hold the same, or some interest therein, in trust, etc.

Counsel for appellant in their argument say that: "The positive testimony of Francis M. Makeever that there was an express agreement between the three brothers, that Isaac Newton Makeever would hold the land in trust for all of them, stands uncontradicted."

It was the business of counsel to set out this evidence in his brief and to point out where such testimony would be found in the record, but this was not done. Acting on the presumption that this failure was probably an oversight of counsel, and being desirous of giving appellant the full benefit of all such testimony, if in the record, we took the time, and read all of the testimony of Francis M. Makeever, as the same appears in the record in this case. We fail to find any such testimony in the record as that set forth by counsel.

If there is any sufficient evidence in the record to support the second paragraph of answer, we have failed to find it, and none, other than above,

2. has been called to our attention. The burden in this matter was upon the appellant, as the issue of this land being held in trust was tendered by him. The mere fact that part of the purchase money may have been the property of the complaining party is not sufficient. *Tharp* v. *Updike* (1914), 55 Ind.

App. 452, 102 N. E. 855; *Scott* v. *Dilley* (1913), 53 Ind. App. 100, 101 N. E. 313.

The question as to whether this land was actually paid for with partnership funds of the three sons was upon the trial a disputed one. There was 3. testimony before the court tending to show that the copartnership of the brothers, in the management of the lands of the father, did not begin until 1876, long after the land in question was purchased of Thompson; that if this was the fact—and the trial court found that it was—then the land was not paid for with copartnership funds as contended, and there could not in any event be such trust as claimed.

A careful reading of the record discloses that there is ample evidence to sustain the findings of the court, and there was no error in overruling appellant's motion for a new trial.

While some of the findings may be somewhat out of the usual form, the findings are sufficient to support the judgment, and the court did not err in its conclusions of law.

The judgment is therefore affirmed.