# PEOPLE'S BANK AND TRUST COMPANY, EXECUTOR, *v.* MILLS.

[No. 23,971.  Filed April 18, 1923.]

1. EXECUTORS AND ADMINISTRATORS.—*Claim against Estate.— Statement.— Requisites.— Statutes.—* In presenting a claim against a decedent's estate, it is only necessary under §2828 Burns 1914, Acts 1883 p. 153, to set out a succinct and definite statement of so many facts as will disclose its character and amount, show a liability on the part of decedent to the claimant, and bar another action for the same cause.  p. 134.

2. EXECUTORS AND ADMINISTRATORS.—*Claims against Decedent's Estate.—Pleading.—Theory.—*The strict rules by which com-

plaints in civil actions are tested do not control in the prosecution of claims against a decedent's estate, and, if the claimant has proved enough of the facts alleged to make out a cause of action for the relief granted, a judgment allowing it will not be set aside because claimant also alleged other facts by which he sought to recover on a particular theory and failed to prove them.  p. 134.

3.  TRUSTS.—*Resulting Trust in Land.—Creation.*—A resulting trust in land must arise at the time title vests in the trustee, and cannot be created by subsequent agreement, nor by a subsequent use of trust funds to pay instalments of the purchase money.  p. 137.

4.  `TRUSTS.—*Resulting Trust in Land.—Evidence.—Sufficiency.*— In an action on a claim by a widow against her husband's estate, evidence *held* insufficient to support a finding that a trust in the whole of her husband's realty, and in the proceeds of its sale resulted in claimant's favor, so as to vest in her the ownership of bonds in which the money received from the sale of such realty was invested, even though all of the proceeds from the sale of land inherited from her father were applied by her husband in the purchase of his land.  p. 137.

From Posey Circuit Court; *Herdis F. Clements,* Judge.

Action by Mariah Mills on a claim against the estate of her deceased husband.  From a judgment for plaintiff, the People's Bank and Trust Company, executor of the estate, appeals.  *Reversed.*

*James H. Blackburn* and *William Espenschied,* for appellant.

*John R. Brill, Frank H. Hatfield* and *John W. Brady,* for appellee.

EWBANK, J.—Appellee filed a claim against the estate of her deceased husband.  The trial court found that she was entitled to recover from the executor certain bonds of the face value of $14,000, with the further sum of $2,000 in money, and rendered judgment accordingly. Overruling the motion for a new trial is the only error assigned.

The complaint, or statement of claim, alleged, in sub-

stance, that while appellee was the wife of appellant's testator said testator sold, for $3,500, and joined her in conveying an undivided interest in certain lands of which she was the owner, by inheritance from her father; that the purchase money was paid over to him by the purchaser *at his request and without the knowledge or consent of appellee,* and that eight months later he bought with it certain other lands, which he caused to be conveyed to himself, *without the knowledge or consent of appellee;* that he held the title to the lands so purchased almost seventeen years, but that fourteen months before his death he sold such lands and he and appellee conveyed them to the purchaser for $16,000, all of which purchase money was received by him *and without her consent* was invested in bonds of the par value of $16,000, which were placed in a designated bank where they have ever since remained; that the executor has possession of them, wrongfully claiming them as part of the assets of testator's estate, whereas they are the property of appellee.

Counsel for appellee rely on the proposition that a resulting trust in her favor in the lands purchased and in the proceeds from the sale of those lands was proved, within the provisions of §4019 Burns 1914, §2976 R. S. 1881.

Appellant says that there was no evidence tending to prove the averments of the complaint above italicized, to the effect that the payment to the testator of appellee's share of the purchase money for her share of her father's estate, and the conveyance to testator of title to the real estate afterward purchased with such money, were "without the knowledge or consent of claimant," or that the bonds were purchased "without her consent." For this reason appellant contends that the decision is not sustained by sufficient evidence, insisting that the italicized averments show the complaint

drawn on the theory that the testator took an absolute conveyance of lands in his own name without the consent of the person with whose money the consideration was paid, and count only upon a resulting trust under the first clause of the statute (§4019 Burns 1914, *supra*), and that appellee must recover on that theory or not at all. But we do not find it necessary to express an opinion as to whether or not there is any such evidence.

1. The complaint in this action is a mere statement of a claim against an estate, and it is only necessary, in presenting such a claim, to set out "a succinct and definite statement" of so many facts as will disclose its character and amount, and show a liability on the part of the decedent to the claimant, and will bar another action for the same cause. §2828 Burns 1914, Acts 1883 p. 153; *Culver, Admx., v. Yundt* (1887), 112 Ind. 401, 402, 14 N. E. 91; *Knight, Admr., v. Knight* (1893), 6 Ind. App. 268, 271, 33 N. E. 456.

2. The strict rules by which complaints in civil actions are tested do not control in the prosecution of claims against a decedent's estate, and, if the claimant has proved enough of the facts alleged to make out a cause of action for the relief granted, a judgment allowing it will not be set aside because she also alleged other facts by which she sought to recover on a particular theory, and failed to prove them, if she did so fail. *Stanley's Estate v. Pence* (1903), 160 Ind. 636, 641, 66 N. E. 51, 67 N. E. 441; *Caldwell v. Ulsh* (1916), 184 Ind. 725, 732, 112 N. E. 518. So far as the case of *Armacost, Admr., v. Lindley, Admr.* (1888), 116 Ind. 295, 19 N. E. 138, may hold the contrary, it must be deemed overruled by the later cases above cited. What has been said on this subject also disposes of the

objection that certain evidence was not within issues joined on the complaint.

Appellant further insists, however, that the evidence was insufficient to establish a trust in the bonds in question or to prove that the estate was liable to appellee in any considerable amount, on any theory whatever, and that, even if a liability was shown, the recovery was too large. The evidence most favorable to appellee (the claimant), including the strongest inferences in her favor that could be drawn therefrom, was as follows:

Appellee and appellant's decedent were married in 1869. He died in 1920, and left a will, but appellee elected to take under the law. Appellee's father died in 1891, the owner of a farm of which she inherited an undivided part. Two months later her interest in the farm was sold to her brother at the price of $3,500, and she and decedent conveyed it to him. He paid decedent $500 of the purchase money in cash and three promissory notes for $1,000 each, payable to decedent in one, two and three years, respectively, with six per cent. interest per year. Eight months later decedent bought eighty acres of land adjoining the farm on which he lived, and at that time paid for it $4,400 in money, which included the $500 of cash received from the sale of his wife's land, and some money from a bank at which he left the three notes for $1,000 each. And it may be inferred that he thus obtained from the bank the value of the notes and used it in paying part of the purchase price. As the notes became due they were paid by the maker to the decedent or by depositing money in the bank to his credit, and when paid off bore no assignment. The eighty-acre tract was conveyed to decedent by deed absolute in form. The rents from it for each of the first three years, and the proceeds of

the three notes as they matured, four months, sixteen months and twenty-eight months after the land was purchased, respectively, were used to reimburse decedent or to discharge his debt for the money with which the land was purchased, none of the notes being paid until about the time they matured, some time after the eighty-acre tract was purchased. The improvements which decedent made on the land cost less than the rents that he received from it. He rented the land to a tenant from year to year for twenty-seven years, and collected the rents, but frequently referred to it as his wife's place, in speaking to her and to others, and told several persons that the notes, interest, rents and money that he got from his wife's land paid for it. In 1920, decedent sold the eighty-acre tract for $16,000 and invested the proceeds in bonds, of which $14,000 of bonds are in a designated bank as a special deposit, while $2,000 of such bonds were sold by decedent before his death. The writer of this opinion thinks the evidence even less strong in favor of the appellee than it is here stated, in that he does not think that it fairly supports an inference that more than $500 of her money was paid on the purchase price of the land at the time decedent bought it, but other members of the court think it does.

If any sum of appellee's money or its equivalent was paid on the purchase price of the eighty-acre tract at the time the purchase was made and the purchase money was paid, that fact, with other facts of which there was evidence, might have justified a finding that there was a resulting trust in her favor in the same proportionate part of the land which the amount so paid with her money and notes bore to the whole purchase price. But since there was no finding as to any proportion of the purchase price, less than the whole of it, with which she should be credited, the only question before us is

whether or not she was shown by the evidence to be entitled to credit for the payment of all the purchase money with her money and property.

A resulting trust in land must arise, if at all, at the time title vests in the trustee, and cannot be created by subsequent agreement, nor by a subsequent use of trust funds to pay instalments of the purchase money. *Toney* v. *Wendling* (1894), 138 Ind. 228, 235, 37 N. E. 598.

And, since the total proceeds of the land inherited by appellee from her father only amounted to $3,500, and the notes for $3,000 had borne interest at the rate of 6% per annum for less than a year at the time the eighty-acre tract was purchased, while the purchase price of $4,400 was paid in cash at the time of the purchase, the entire beneficial interest in the land could not have vested in appellee because of her money and notes being applied on the purchase price, even assuming that all she received from her father's estate was so applied at that time. *Crawford* v. *Thompson* (1891), 142 Pa. 551, 21 Atl. 994; *Toney* v. *Wendling, supra.*

The evidence is insufficient to support a finding that a trust in the whole of the eighty-acre tract and all of the price for which it was sold resulted in appellee's favor, so as to vest in her the whole of the bonds in which the money received for it by decedent was invested.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.

Townsend, J., dissents.