## KEMP *v.* ELDER.

[No. 13,887.  Filed February 21, 1930.]

*Frank C. Wade*, for appellant.
*George A. Scott*, for appellee.

LOCKYEAR, J.—The issues in this case were joined and tried on the amended complaint and answer in general denial thereto.

*Appellant was the plaintiff below, and the amended complaint alleges:* That, sometime shortly before May 29, 1902, the said plaintiff and one Joseph G. Elder, then a resident of the city of Terre Haute, Indiana, and the husband of appellee herein, entered into a verbal agreement whereby they were to contribute equally to a fund, which fund was to be held in trust by the said Joseph G. Elder for the purchase of real estate; that said agreement was without any fraudulent intent and the said Ellwood W. Kemp and the said Joseph G. Elder and each of them agreed to contribute one-half of said fund, which fund consisted of money and mining stock; appellant contributed $300 in money and $1,200 in mining stock to said trust fund, and the said Joseph G. Elder contributed the same amount; that said Joseph G. Elder became trustee and held said fund in trust for the appellant and the said Joseph G. Elder; that afterward, to wit, on or about the —— day of June, 1902, the same Joseph G. Elder, in pursuance of said agreement, purchased with said trust fund certain described real estate in Vigo County, Indiana, described in the complaint; that the said Joseph G. Elder, in the purchase of said property as above alleged, took title thereto in his individual name in trust for the appellant without any fraudulent intent.

The plaintiff further alleges that said title to said real estate remained in said Joseph G. Elder until his death, which occurred on December 2, 1918; that the appellee herein is the sole beneficiary under the will of the said Joseph G. Elder and is now holding the legal title thereto in trust for the appellant and appellee who are tenants

in common and joint owners of said property. The prayer of the complaint is for a partition of said real estate.

The court found the facts specially as follows: That John M. Norris and Elizabeth Norris, his wife, by warranty deed, conveyed to Joseph G. Elder, for the stated consideration of $2,500, the real estate described in defendant's answer, which is the same real estate described in plaintiff's complaint, that such conveyance was executed on May 30, 1903, and that such deed of conveyance of the said John M. Norris and Elizabeth Norris, his wife, to the said Joseph G. Elder, was duly recorded in the recorder's office of Vigo County, Indiana, in Deed Record 111, on page 22, on December 1, 1903; that the said Joseph G. Elder, grantee in the deed as found in finding of facts, was the husband of Margaret M. Elder, defendant herein; that Joseph G. Elder died on December 2, 1918, leaving his wife, Margaret M. Elder, surviving him as his sole and only heir-at-law; that said Joseph G. Elder left a last will and testament, which was duly probated in the Vigo Circuit Court on December 14, 1918; that, by the terms the last will and testament of Joseph G. Elder, he gave all of his property described in plaintiff's complaint to his wife, Margaret M. Elder, defendant in this suit; that the estate of Joseph G. Elder was duly administered and was finally settled according to law, and the final report of the administratrix with the will annexed of said estate, was duly approved and such administratrix discharged from her trust on March 9, 1920; that this action was commenced by Ellwood M. Kemp against the defendant, Margaret M. Elder, on April 22, 1927; that the deceased, Joseph G. Elder, during his lifetime made the statement that the real estate described in the plaintiff's complaint belonged to himself and Ellwood W. Kemp, as partners, and Ellwood W. Kemp and the deceased visited said real

estate together and made some improvements thereon; that said Joseph G. Elder secured and carried a loan in the Wabash Building and Loan Association of Terre Haute on said property in the sum of ———— Dollars, and that, on the books of said building and loan association was noted, "The Elder and Kemp Loan"; that in 1918 the loan of the Wabash Building and Loan Association was discharged, and a loan was secured from the Citizens Savings and Loan Association by Joseph G. Elder and Margaret M. Elder, his wife, and that said loan was carried by such Citizens Savings and Loan Association as "The Kemp and Elder Loan."

On the foregoing facts, as found by the court, the court concludes and states the law to be: That the defendant is the owner in fee simple of the real estate described in plaintiff's complaint; that no resulting trust relation existed between the plaintiff and Joseph G. Elder in his lifetime in regard to the real estate described in plaintiff's complaint, as shown by the evidence; that no trust relation has existed since the death of Joseph G. Elder, between the plaintiff and Margaret M. Elder, defendant herein, regarding the real estate described in plaintiff's complaint as shown by the evidence; that the plaintiff take nothing by this action, and the defendant should recover from the plaintiff for costs and charges in this action laid out and expended at ———— Dollars.

Appellant filed a motion for a new trial, in which it is alleged that the decision of the court is not sustained by sufficient evidence, and the decision of the court is contrary to law, which motion was overruled, and the ruling of the court is assigned as error.

There is no direct evidence to show that any contract was made by the appellant with Joseph G. Elder for the purchase of the real estate in question. There is no testimony of any witness as to any contract entered into between the appellant and Joseph G. Elder. There is

no evidence as to how much, if any, money the appellant placed in the hands of Elder for the purchase of this real estate, nor at what time the money was paid to him, if any.

There is some evidence that Elder borrowed money from the Citizens Building and Loan Association on this property in his own name and made application therefor, in which application, at the top, are the words "Kemp and Elder," and, in such application it is stated that the property is held in fee simple by Edward Kemp and J. G. Elder and the full name of the applicant is signed Joseph G. Elder.

The Wabash Savings and Loan Association records show that they carried a loan in the name of Joseph G. Elder and Kemp with debit and credit accounts thereon. There is no showing as to who paid off this loan.

A tenant in the premises testified that she met Mr. Kemp and Elder on the premises, and that Elder stated: "This is the man who owns one-half interest in this property with me." They looked around and Kemp noticed that the floor needed paint and he said to Elder: "Hadn't we better paint the floor, it does not look very good," and Mr. Elder said: "Well, not right now. We may later on."

The appellant says: "We agree with appellee that appellant must come within paragraph 3 of §13449 Burns 1926 or he fails. The only question before this court is whether, under the evidence, the lower court was compelled to find there had been an agreement between appellant and Joseph G. Elder that they would buy and hold this property together. It must be borne in mind that this transaction occurred many years ago and that one of the contracting parties is now deceased, sealing the lips of the other. This should be taken into consideration in reviewing the evidence, drawing the

inferences and presumptions from the direct and circumstantial evidence presented."

Section 13447 Burns 1926 provides: "When a conveyance for a valuable consideration is made to one person, and the consideration therefor paid by another, no use or trust shall result in favor of the latter; but the title shall vest in the former, subject to the provisions of the next two sections."

Section 13449 Burns 1926 provides, among other things: "The provisions of the section next before the last (section 13447) shall not extend to cases where . . . it shall be made to appear that, by agreement, and without any fraudulent intent, the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land or some interest therein in trust for the party paying the purchase-money or some part thereof."

There is some evidence to show that appellant had some dealings with Elder in reference to said real estate, but, whatever it was, it is not sufficient in our judgment for the trial court to have found that the said Elder held any part thereof in trust for appellant. A resulting trust must arise at or before the time of the conveyance. *Westerfield* v. *Kimmer* (1882), 82 Ind. 365; *Toney* v. *Wendling* (1894), 138 Ind. 228, 37 N. E. 598; *Hughes* v. *White* (1889), 117 Ind. 470, 20 N. E. 157.

In order to create a trust under the third clause of this section of the statute above quoted, the purchase money must be furnished at the time or before the conveyance is made. A resulting trust cannot be created by funds subsequently furnished. *Toney* v. *Wendling, supra; Peoples, etc., Trust Co., Exr.,* v. *Mills* (1923), 193 Ind. 131, 139 N. E. 145; *Rickes* v. *Rickes* (1923), 81 Ind. App. 533, 141 N. E. 486. There was no evidence that appellant furnished any of the purchase

money at or before the purchase by Joseph G. Elder from John M. Norris.

Where part payment of purchase money is claimed, the exact portion should be clearly shown. *Hutton* v. *Cunningham* (1901), 28 Ind. App. 295, 61 N. E. 1138; *Irwin* v. *Ivers* (1855), 7 Ind. 308, 63 Am. Dec. 420.

There is no evidence showing any portion, or what portion or any exact portion, of the purchase price of the property purchased by Joseph G. Elder from John M. Norris was paid by appellant. The will of Joseph G. Elder and probate thereof was a direct disavowal by Joseph G. Elder of any trust relation that may have existed in regard to this real estate.

Each of the 10 findings of facts by the court is substantially correct, as shown by the evidence, and each of the facts as stated is amply supported by the evidence.

Judgment affirmed.